UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONATHAN L. ALPERT,

    Plaintiff,

vs.                                          CASE NO. 8:04-CV-02318-EAK-MSS

The HONORABLE CHARLES "ED" BERGMANN,
The HONORABLE MONICA L. SIERRA, and
The HONORABLE MARVA CRENSHAW,
each individually and in their official capacities,

    Defendants.
_____/

## ORDER

This cause is before the Court on Defendants' Motion to Dismiss, filed on April 1, 2005 (Dkt. 25-1), and response thereto, filed April 15, 2005 (Dkt. 26-1).

## BACKGROUND

On January 14, 2005, the Plaintiff filed an amended complaint with this Court under the Americans with Disabilities Act (ADA) and the Declaratory Judgment Act against the HONORABLE CHARLES "ED" BERGMANN, the HONORABLE MONICA L. SIERRA, and the HONORABLE MARVA CRENSHAW (collectively, the "Defendants"), each individually and in their official capacities as state judges for the Thirteenth Judicial Circuit in Hillsborough County, Florida. (Dkt. 5-1)

Specifically, the Plaintiff alleges in his amended complaint that the Defendants, who presided as judges over his divorce case, discriminated against him during the proceedings because of his disability. The Plaintiff seeks a "preliminary and permanent mandatory injunction to require Defendants, both individually and in their official capacity to comply with the Constitution and Laws of the United States, specifically the Americans with Disability Act," and asserts that "further state trial court proceedings will cause further irreparable, permanent, serious and grievous injury to the Plaintiff's already precarious health or worse, threaten the Plaintiff's life." (Dkt. 5-1 at 18, 20)

## STANDARD OF REVIEW

In order to maintain a suit in federal court, a plaintiff must establish standing under Article III of the United States Constitution. A plaintiff establishes a "case or controversy" by demonstrating: (1) an injury-in-fact, (2) a causal connection between the injury and the conduct complained of, and (3) the injury is likely to be redressed by a favorable decision. Schramek v. Jones, 877 F. Supp. 622, 623 (M.D. Fla. 1995); Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992).

## DISCUSSION

In his amended complaint, the Plaintiff took great effort to explain to this Court the grave effects of Multiple Scoliosis (MS) and how that disease not only has affected his quality of life but also caused him disability. The Plaintiff alleges that the Defendants each, individually and in their official capacities, discriminated against him during his divorce proceedings because of his disability. In requesting relief, the Plaintiff asks this Court to issue an injunction to order the Defendants to "comply with the Constitution and Laws of the United States, specifically the Americans with Disability Act." (Dkt. 5-1 at 20)

However, even assuming that the Plaintiff is able to prove everything he alleges in his amended complaint and obtain the requested relief, the Plaintiff has failed to show how that relief, simply a reiteration of the Defendants' oath of office, would in any way ameliorate or improve his suffering of MS. In sum, it would be improper for this Court to issue an injunction at the Plaintiff's request, especially one to just "follow the law," without some concrete evidence that the relief being requested will redress and prevent future harm. The Plaintiff may have complaints appropriate for presentation before the Judicial Qualifications Commission, but that does not make this Court an appropriate forum. Therefore, the Plaintiff's action must be dismissed for lack of standing. The Court does not find it necessary to address the other arguments asserted in the motion to dismiss. Accordingly, it is

**ORDERED** that the Defendants' Motion to Dismiss (Dkt. 25-1) be **GRANTED**, the case be **DISMISSED WITH PREJUDICE**, and the Clerk of the Court be directed to close this case and terminate any pending motions.

CASE NO. 8:04-CV-02318-EAK-MSS

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 8th day of July, 2005.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record